No. 37,907

CHARLES HENRY HALL, *Appellant*, v. R. H. HUDSPETH, Warden,
Kansas State Penitentiary, *Appellee*.

(217 P. 2d 910)

Opinion
filed May 6, 1950.

*Charles Henry Hall* was on the briefs *pro se*.

*Harold R. Fatzer*, attorney general, *Willis H. McQueary*, assistant attorney
general, and *Colonel H. Boone*, county attorney, were on the briefs for the
appellee.

The opinion of the court was delivered by

THIELE, J.: On December 17, 1948, as the result of a trial had
in the district court of Butler county, Charles Henry Hall was sen-
tenced to the state penitentiary for a period of not less than ten
years nor more than twenty years for the crime of burglary in the
second degree, and for not less than five years nor more than ten
years for the offense of larceny in connection with a burglary, the
sentences to run concurrently. Following that he was duly com-
mitted to the state penitentiary, where he remains.

In September, 1949, Hall commenced a proceeding against the
warden of the state penitentiary in the district court of Leaven-
worth county for a writ of habeas corpus, his petition for the writ
containing fifteen "points," the substance of which was that the
county attorney schemed to and did use false testimony against
him; that one witness was coerced to give testimony against peti-
tioner; that the evidence was received of two accomplices, who were
not charged in the information upon which the petitioner was tried;
that the trial court erred in permitting the county attorney to cross-
examine petitioner about previous derelictions for which he was not
on trial; that he was without counsel when first arraigned; that he
is innocent of the charges in the information on which he was tried
and that he was convicted without due process of law. In due time
the warden filed his response, denying generally, and alleging the

proceedings under which he held the petitioner; that petitioner's sentence had not expired and that petitioner was not entitled to the writ of habeas corpus.

The proceeding came on for hearing on September 19, 1949, and, as disclosed by the journal entry of judgment, the petitioner moved for a continuance in order to obtain additional testimony, and the cause was continued to October 17, 1949, at which time the petitioner offered his evidence in full, the respondent offered his evidence, and upon consideration thereof the trial court found that the writ of habeas corpus theretofore issued should be discharged and the petitioner remanded to the custody of the respondent. If there was any motion for a new trial, it is not included in the abstract of the record.

In due time the petitioner perfected his appeal to this court. In view of the record before us we shall not attempt to point out those allegations in the petition concerning matters which could be raised only on appeal. In his abstract of the record the petitioner has not included any of the evidence received in the trial court, and we may only assume, by reason of the trial court's ruling, that it resolved all questions of fact against the petitioner. Every ground urged by the petitioner in his brief in this court and properly before the court in a habeas corpus proceeding depends upon the establishment of the facts upon which it is based. Those facts having been determined adversely to the petitioner, there is nothing left for discussion.

The judgment of the trial court is affirmed.